IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS CAUSEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01043-P |
| | § | |
| CAPITAL MANAGEMENT HOLDINGS, LLC a/k/a Elite Debt Brokers et al., | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Local Rule 83.10(a) requires the appearance of local counsel where counsel of record for a party does not reside in this district or maintain their principal office in this district. N.D. TEX. R. 83.10(a). "Local counsel" means a member of the bar of this court who resides or maintain their principal office in this district *and* whose residence or principal office is located within 50 miles of the courthouse in the Fort Worth Division. *Id.*; *see United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel).

Plaintiff Thomas Causey filed the instant lawsuit on September 21, 2020 (ECF No. 1), and the same day he was notified that he had fourteen days to comply with Local Rule 83.10 or risk dismissal of their case. *See* ECF No. 2.

A review of the record reveals that as of the date of this order, Plaintiff is still not in compliance with Local Rule 83.10(a). Because Plaintiff has failed to follow the Local

Rules of the Northern District, the Court **ORDERS** that this case is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**SO ORDERED** on this **7th day** of **October, 2020.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).